**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114758

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Daryl Hudson, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Alpha Recovery Corp and JH Portfolio Debt Equities, LLC, | |
| Defendants. | |

Daryl Hudson, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Alpha Recovery Corp and JH Portfolio Debt Equities, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.    Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.      Plaintiff Daryl Hudson is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant Alpha Recovery Corp, is a Colorado Corporation with a principal place of business in Arapahoe County, Colorado.

8.      On information and belief, Defendant JH Portfolio Debt Equities, LLC, is a California Limited Liability Company with a principal place of business in Los Angeles County, California.

9.      Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.     Defendants allege Plaintiff owes a debt ("the Debt").

12.     The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13.     Sometime after the incurrence of the Debt Plaintiff fell behind on payments owed.

14.     Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

15.     In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated November 20, 2017. (**Exhibit 1.**")

16.     The letter was the initial communication Plaintiff received from Defendants.

17.     The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
## Violation of 15 U.S.C. § 1692e

18.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

19.     The Debt was incurred on a Synchrony Bank credit card.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

20.     The Letter sets forth a "Current Balance Claimed Due."

21.     Pursuant to the terms and conditions of the credit card, Synchrony Bank charged Plaintiff interest on any balance carried on the account.

22.     Pursuant to the terms and conditions of the credit card, Synchrony Bank charged Plaintiff late fees on any payments due but not timely made by Plaintiff.

23.     Pursuant to the terms and conditions of the credit card, Synchrony Bank charged Plaintiff other fees on the account.

24.     The right to collect from Plaintiff interest on any balance carried on the account was not waived by Synchrony Bank.

25.     The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by Synchrony Bank.

26.     The right to collect from Plaintiff other fees on the account was not waived by Synchrony Bank.

27.     The right to collect from Plaintiff interest on any balance carried on the account was not waived by any assignee or successor-in-interest.

28.     The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

29.     The right to collect from Plaintiff other fees on the account was not waived by any assignee or successor-in-interest.

30.     Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

31.     Pursuant to the terms and conditions of the credit card, interest continued to accrue on any balance unpaid.

32.     Pursuant to the terms and conditions of the credit card, late fees continued to accrue on any payments due but not timely made by Plaintiff.

33.     Pursuant to the terms and conditions of the credit card, other fees continued to accrue on the account.

34.     Pursuant to the terms and conditions of the credit card, Synchrony Bank and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest on any balance carried on the account.

35.     Pursuant to the terms and conditions of the credit card, Synchrony Bank and any

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

assignee or successor-in-interest had the legal right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff.

36. Pursuant to the terms and conditions of the credit card, Synchrony Bank and any assignee or successor-in-interest had the legal right to collect from Plaintiff other fees on the account.

37. Pursuant to the terms and conditions of the credit card, the legal right of Synchrony Bank and any assignee or successor-in-interest to collect from Plaintiff interest on any balance carried on the account is not waived by Synchrony Bank or any assignee or successor-in-interest as a result of a failure by either Synchrony Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest.

38. Pursuant to the terms and conditions of the credit card, the legal right of Synchrony Bank and any assignee or successor-in-interest to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff is not waived by Synchrony Bank or any assignee or successor-in-interest as a result of a failure by either Synchrony Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned late fees.

39. Pursuant to the terms and conditions of the credit card, the legal right of Synchrony Bank and any assignee or successor-in-interest to collect from Plaintiff other fees on the account is not waived by Synchrony Bank or any assignee or successor-in-interest as a result of a failure by either Synchrony Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned other fees.

40. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

41. The Letter failed to disclose that the balance stated may increase due to interest.

42. The Letter failed to disclose that the balance stated may increase due to late fees.

43. The Letter failed to disclose that the balance stated may increase due to other fees.

44. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692e

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

46.    Alternatively, even if Plaintiff's account was not subject to continued interest pursuant to the terms and conditions of the credit card – which it was – the account was subject to interest by operation of law.

47.    Plaintiff's debt was incurred pursuant to a contract between Plaintiff and Synchrony Bank.

48.    N.Y.C.P.L.R. § 5001(a) provides that interest shall be recovered upon a sum awarded because of a breach a contract.

49.    An award of interest under § 5001 is mandatory.

50.    N.Y.C.P.L.R. § 5001(b) provides that interest shall be computed from the earliest ascertainable date the cause of action existed.

51.    Synchrony Bank and any assignee or successor-in-interest possessed a guaranteed right to interest on the Debt from, at the latest, November 20, 2017.

52.    As such, the amount stated in the Letter was subject to the accrual of interest.

53.    The Letter failed to disclose that the amount stated may increase due to interest.

54.    The Letter, because of the aforementioned failure, violates 15 U.S.C. § 1692e.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g**

55.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

56.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

57.    15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

58.    The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

59.    The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

60.    The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

61.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

62.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

63.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

64.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

65.     The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

66.     The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

67.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letter.

68.     The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

69.     The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

70.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

71.     For instance, the Letter fails to indicate the applicable interest rate.

72.     For instance, the Letter fails to indicate the date of accrual of interest.

73.     For instance, the Letter fails to indicate the amount of interest during any measurable period.

74.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

75.     For instance, the Letter fails to indicate the amount of late fees.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

76. For instance, the Letter fails to indicate the date such fees will be added.

77. For instance, the Letter fails to indicate the amount of late fees during any measurable period.

78. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

79. The Letter fails to state whether interest, late fees and/or other fees are accruing.

80. The Letter fails to state what part of the amount stated is attributable to principal.

81. The Letter fails to state what part of the amount stated is attributable to interest.

82. The Letter fails to state what part of the amount stated is attributable to late fees.

83. The Letter fails to state what part of the amount stated is attributable to other fees.

84. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

85. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

86. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

87. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

88. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

89. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

90. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

91. The Letter, because of the aforementioned failures, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

92. The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

7

93.     The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692g.

## FOURTH COUNT
## Violation of 15 U.S.C. § 1692e

94.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

95.     As previously set forth, the Letter sets forth a "Current Balance Claimed Due."

96.     As previously set forth, Plaintiff was always charged interest on any balance carried on the account.

97.     As previously set forth, Plaintiff was always charged late fees on any payments due but not timely made by Plaintiff.

98.     As previously set forth, Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

99.     The Letter fails to disclose whether the amount stated may increase due to additional interest.

100.    The Letter fails to disclose whether the amount stated may increase due to additional late fees.

101.    The Letter fails to indicate whether the creditor will accept payment of the amount stated in full satisfaction of the debt if payment is made by a specified date.

102.    A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

103.    The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, and especially because of the use of the word "Current," can reasonably be read by the least sophisticated consumer to mean that interest was still accruing.

104.    The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, and especially because of the use of the word "Current," can reasonably be read by the least sophisticated consumer to mean that late fees were still accruing.

105.    The Letter could also reasonably be read by the least sophisticated consumer to

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

mean that interest was no longer accruing.

106.    The Letter could also reasonably be read by the least sophisticated consumer to mean that late fees were no longer accruing.

107.    The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated.

108.    The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated at any time after receipt of the Letter.

109.    The Letter could also reasonably be read by the least sophisticated consumer to mean that the amount stated was accurate only on the date of the Letter because of the continued accumulation of interest and/or late fees.

110.    Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

111.    For these reasons, Defendants violated 15 U.S.C. § 1692e.


**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692e and § 1692f**
**False or Misleading Representations**

112.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

113.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

114.    § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

115.    § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

116.    15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

117.    15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

118.    15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

means to collect or attempt to collect any debt.

119.    §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

120.    The Letter states "Non-Interest Charges or Fees Accrued Since Charge-Off."

121.    The "Non-Interest Charges or Fees Accrued Since Charge-Off" are listed as "$0.00."

122.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

123.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

124.    Although the "Non-Interest Charges or Fees Accrued Since Charge-Off" are listed as "$0.00," the Letter could reasonably be read by the least sophisticated consumer to mean that there could be "Non-Interest Charges or Fees" added to the debt in the future.

125.    The Letter could reasonably be read by the least sophisticated consumer to imply that there could be "Non-Interest Charges or Fees" added to the debt in the future.

126.    The Letter falsely implies that Defendants have the right to add "Non-Interest Charges or Fees" to the debt.

127.    Defendants have no legal basis to add "Non-Interest Charges or Fees" to the debt.

128.    The Letter could reasonably be read by the least sophisticated consumer to threaten to collect a fee.

129.    The Letter falsely implies that Defendants have the right to add a fee to the debt.

130.    Defendants have no legal basis to add a fee to the debt.

131.    Defendants' conduct, as described, violates § 1692e and § 1692f.

## CLASS ALLEGATIONS

132.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt using a collection letter that fails to advise the consumer whether the "Current Balance Claimed Due" is subject to interest and/or fees, from one year before the date of this

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Complaint to the present.

133.   This action seeks a finding that Defendants' conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

134.   Defendants regularly engage in debt collection.

135.   The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts using a collection letter that fails to advise the consumer whether the "Current Balance Claimed Due" is subject to interest and/or fees.

136.   Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

137.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

138.   Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

139.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

11

a.   Certify this action as a class action; and

b.   Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.   Find that Defendants' actions violate the FDCPA; and

d.   Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Grant Plaintiff's costs; together with

g.   Such other relief that the Court determines is just and proper.

DATED: February 13, 2018

**BARSHAY SANDERS, PLLC**

By:   _/s/ Craig B. Sanders_
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114758